*fee paid*

FILED

**NAME** MICHAEL J. BIRMAN

**PRISON IDENTIFICATION/BOOKING NO.** 99910-011

**ADDRESS OR PLACE OF CONFINEMENT** U.S.P MAX P.O. BOX 1500

FLORENCE, CO. 81226-PJOO

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address.

2012 MAY -3  AM 10: 09

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

530

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL J. BIRMAN

**FULL NAME** (*Include name under which you were convicted*)

Petitioner,

v.

THE PEOPLE OF THE STATE OF CALIFORNIA

NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

CASE NUMBER:

**CV 12-3838-SVW (MAN)**

To be supplied by the Clerk of the United States District Court

☐ _____ **AMENDED**

**PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254**

PLACE/COUNTY OF CONVICTION _____
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(*List by case number*)
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1.   To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.   In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3.   Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.   Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.   You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.   You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7.   When you have completed the form, send the original and two copies to the following address:
   Clerk of the United States District Court for the Central District of California
   United States Courthouse
   ATTN: Intake/Docket Section
   312 North Spring Street
   Los Angeles, California 90012

LODGED
CLERK, U.S. DISTRICT COURT

MAY - 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY



MAY - 8 2012
Count

00 6144

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1.  ☑ a conviction and/or sentence.
2.  ☐ prison discipline.
3.  ☐ a parole problem.
4.  ☐ other.

## PETITION

1.  Venue
    a.  Place of detention  U.). PENITENTIARY MAX
    b.  Place of conviction and sentence  LOS ANGELES SUPERIOR COURT

2.  Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
    a.  Nature of offenses involved (*include all counts*):  ORDERING A MURDER FROM PRISON

    b.  Penal or other code section or sections:  187

    c.  Case number:  AQJ5497
    d.  Date of conviction:  1993
    e.  Date of sentence:  1993
    f.  Length of sentence on each count:  LIFE WITHOUT PAROLE

    g.  Plea (*check one*):
        ☑ Not guilty

        ☐ Guilty

        ☐ Nolo contendere
    h.  Kind of trial (*check one*):
        ☐ Jury

        ☐ Judge only

3.  Did you appeal to the California Court of Appeal from the judgment of conviction?  ☑ Yes  ☐ No
    If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
    a.  Case number:  DOM4017
    b.  Grounds raised (*list each*):
        (1)  DON'T KNOW
        (2)

(3) _____
(4) _____
(5) _____
(6) _____

c.  Date of decision: DON`T KNOW
d.  Result _DENIED_

_____

4.  If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☑ Yes  ☐ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a.  Case number: S043425
b.  Grounds raised *(list each)*:
    (1) _____ DON`T KNOW
    (2) _____
    (3) _____
    (4) _____
    (5) _____
    (6) _____
c.  Date of decision: 2/2/1995
d.  Result _DENIED_

_____

5.  If you did not appeal:
    a.  State your reasons _____
        _____
        _____
        _____
        _____

    b.  Did you seek permission to file a late appeal?  ☐ Yes  ☐ No

6.  Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?
    ☑ Yes  ☐ No

    If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

    a.  (1) Name of court: CALIFORNIA SUPREME COURT
        (2) Case number: S196631
        (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: 9/19/2011

(4) Grounds raised *(list each)*:

(a) PROSECUTORIAL MISCONDUCT (LYING TO JUDGE AND JURY)

(b) MAIN STATE WITNESS LIE TO JUDGE AND JURY

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____ N/A

(6) Result   DENIED

(7) Was an evidentiary hearing held?   ☐ Yes   ☑ No

b. (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?   ☐ Yes   ☐ No

c. (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?     ☐ Yes ☐ No

7. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

**CAUTION:**   *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

a.   Ground one: PROSECUTOR MISCONDUCT w/WG

(1) Supporting FACTS: PROMISE MADE TO WITNESS WAS NOT REVIL
DES GOR V. UNITED STATE 405 J.J. 78,88, 99 L.EA 1314 (PG33)
J.CT.049 (1935)  DONNELLY V. DECHRISTOFORO, 416 U.J.
637, 40 L.ED 2d 431  94 J.CT (1969) MILLER V. PATE
386 U.J. 1, 17, L.EA 690, 87 S.CT. 785 (1967)

(2) Did you raise this claim on direct appeal to the California Court of Appeal?     ☐ Yes ☑ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?     ☐ Yes ☑ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?     ☑ Yes ☐ No

b.   Ground two: MAIN STATE WITNESS LIE

(1) Supporting FACTS: IN COURT HE SAID HE WAS ONLY PROMIS MADE TO
C.N.C GANT J.C. WIT A LETTER TO THE PAROL BOARD AND IS
NOW MOVE TO FL. THE STATE MOVE IS NOW & INTER INTER DAY
FRIEND TO FL. AND HE ALSO WAS MOVE TO FL. THA WAS NO
REVIL TO THE DEFENSE JUDGE OR JURY (SEE ATT) LETTER

(2) Did you raise this claim on direct appeal to the California Court of Appeal?     ☐ Yes ☑ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?     ☐ Yes ☑ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?     ☑ Yes ☐ No

c.   Ground three: NEW EVIDENCE (ATT) LETTER)

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☑ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☑ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☑ Yes   ☐ No

d.   Ground four: _POST CONVICTION ABANDONMENT BY MY ATTY_

(1) Supporting FACTS: L. A. SUPERIOR COURT D. RYAN V. COLE BC430970
D. RYAN V. COLE COURT OF APPEAL SECAND DIST BC27669
CORY R. MAPLES J. KIM T. THOMA) NO. 10-63 ❸
132 S. CT 912 : 181 L. ED 2d 807
DECIDED 1/18/2012

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☑ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☑ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☑ No

e.   Ground five: _____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☐ No

8.   If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state
briefly which grounds were not presented, and give your reasons: NEW EVIDENCE DISCOVER A YEAR]
AFTER APPEAL AND CIVIL SUIT AGAINST ATTY AND NEW MONTH AGO
U.S. SUPREME COURT SUIT COME OUT

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes  ☑ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.  (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

    _____

    (7) Was an evidentiary hearing held?      ☐ Yes ☐ No

b.  (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

    _____

    (7) Was an evidentiary hearing held?      ☐ Yes ☐ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?      ☐ Yes ☑ No

If so, give the following information *(and attach a copy of the petition if available)*:

    (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

    (a)  _____

    (b)  _____

    (c)  _____

    (d)  _____

    (e)  _____

    (f)  _____

11. Are you presently represented by counsel?  ☐ Yes  ☑ No

    If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

_____

*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___3/15/12___        ___M. Burnam___

          *Date*                  *Signature of Petitioner*

MICHAEL BIRMAN
99910-011
U.S.P MAX P.O. BOX 8500
FLORENCE, CO, 81226-8500

3/15/12

UNITED STATE DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MICHAEL Y. BIRMAN
        PETITIONER
            V.
THE PEOPLE OF THE STATE OF CALIFOA

        MEMORANDUM IN SUPPORT OF PETITION
        FOR WRIT OF HABEAS CORPUS


DEAR COURT
I AM FROM ISRAEL I DO NOT READ, WRITE, OR
SPEAR ENGLISH WELL AND SINCE 1999 I HAVE NO
ACCESS TO CALIFORNIA STATE LAW BOOKS I HIRE THEN
MY ATTY DANA M. COLE IN "FEB" OF 1999 TO TAKE MY
APPEAL IN THE FEDERAL COURT ALL THE WAY TO THE
U.S. SUPREME COURT MR COLE FAIL TO FILE NOTICE OF
APPEAL AND COST ME MY RIGHT TO APPEAL MY CASE, IN
2000 WE DISCOVER NEW EVIDENCE THAT PROVE THAT THE
STATE LIE DOING MY TRIAL TO THE JUDGE AND JURY
HE NEVER FILED THAT IN COURT HE KEEP ON REPRESENTING
ME BUT HE WILLFULLY CONCEALS THE FACTS CONSTITUTING
WRONGFUL ACTS WHEN SUCH FACTS ARE KNOWN TO HIM
THIS IS A POSTCONVICTION ADANDONED OF ME B/ MY
ATTY ON JANUARY 18, 2012 U.S. SUPREME COURT IN
M-2 RULLING IN CORY R. MAPLES V. KIM T. THOMAS

(NO 10-03) 132 S. CT. 912; 181 L.Ed.2d 807 2012 C.). THAT PRISONER CORY WAS IN NO FAULT OF IS OWN AND WAS GRANTED THE RIGHT TO WRITE IS APPEAL THAT APPLY TO ME AND ALSO IF YOU CHECK EXHIBIT #1 YOU WILL SEE A LETTER WRITEN BY THE A.D.A. IN MY CASE IN JULY 9, 1992 THAT CONTRADICT HER STATEMENT IN THE COURT ROOM TO THE JUDGE AND JURY AND THE STATE WRITEN STATEMENT IN COURT FOR MY STATE APPEAL I HAD A STATE APPOINTED ATTY MR PETER DODD AND AS YOU CAN SEE FROM EXHIBIT #2 EVEN THE CALIFORNIA SUPREME COURT COULD NOT GET A HOLD OF HIM SO NOT HIM OR MR COLE EVER TURN OVER TO ME ANY OF MY COURT FILE. SO THE COURT CAN SEE I HAVE NO ACCESS TO CALIFORNIA STATE LAW I WAS ABANDONED BY MY APPEAL ATTY MR COLE WITHOUT A FAULT OF MY OWN PLEASE GRANT ME MY PETITION

THANK YOU
MICHAEL BIRMAN
M. BIRMAN

GXHIBIT#1



DEPARTMENT OF CORRECTIONS
PAROLE AND COMMUNITY SVCS DIV.
SACCO/WICC UNIT
9825 Goethe Road, Suite 500
Sacramento, CA. 95827

## Telecopy Transmittal

FAX:        (916) 255-2793
PHONE:   (916) 255-2860

Dated: 11/25/02

To: Attorney at Law
Dana Cole
(310) 772-0807

From:   JADE LEONG
Correctional Case Records Analyst
SACCO/WICC Unit

Comments:

_____

_____

_____

_____

TOTAL PAGES (including cover sheet):   3



# OFFICE OF THE DISTRICT ATTORNEY
## COUNTY OF LOS ANGELES
### BUREAU OF ADMINISTRATION
ORGANIZED CRIME AND ANTI-TERRORIST DIVISION
740 HALL OF RECORDS
320 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012
(213) 974-3911

IRA REINER, DISTRICT ATTORNEY
GREGORY THOMPSON, CHIEF DEPUTY DISTRICT ATTORNEY
R. DAN MURPHY, ASSISTANT DISTRICT ATTORNEY

July 9, 1992


Ms. Jane Rowe
Interstate Parole Unit
9825 Goethe Road
Sacramento, California  95816

Dear Ms. Rowe:

Re REQUEST FOR INTERSTATE TRANSFER FOR INMATE LAWRENCE ROBERT
   HAWKINS (D-97029)

Two weeks ago inmate Lawrence Robert Hawkins (D-97029) made the
courageous decision to testify for the prosecution in *People v.
Michael Birman* (our case number A955497) in Los Angeles Superior
Court.

Mr. Hawkins is serving a sentence of 25 years to life for first
degree murder.  That murder was solicited and encouraged in 1987 by
Michael Birman in a plot to gain information Birman believed he
could use to bargain his way out of jail.

Yesterday afternoon the jury returned its verdict, finding Mr.
Birman guilty of murder in the first degree with special
circumstances of murder for financial gain.  In a few weeks the
jury will decide whether Mr. Birman's sentence should be LWOP or
death.

As you can appreciate, Mr. Hawkins has placed himself in a position
of great danger as a "snitch" now that he has testified for us.
Mr. Hawkins was willing to testify truthfully and completely in
accordance with his statement to police in 1987, which sealed his
own fate.  Remarkably, he testified with only two assurances from
us:

    1.   that we would relocate his mother (who is married to Mr.
         Birman, but now estranged from him) so that she would not
         be a target of retribution for her son's testimony; and

Ms. Jane Rowe
Page Two
July 9, 1992

      2.    that we would do whatever we could to ensure that Mr.
            Hawkins be kept in protective custody for the remainder
            of his years in prison.

Mr. Hawkins understands that it is the position of our office that
he fully deserves his 25 to life sentence. However, I feel we have
a real duty to him to afford him whatever protective housing is
available for an inmate at his security level, including an
interstate transfer if that is feasible.

We believe that Mr. Birman, the defendant in our murder-for-hire
case, is well-connected with street gangs involved in drug dealing
in the Los Angeles area and with certain prison gangs as well. He
is an Israeli citizen who reportedly has ties to the Israeli Mafia.
He is a very dangerous man who not only effected a murder-for-hire,
but also once escaped from a federal detention center by taking a
guard hostage. His desire for revenge against Hawkins must be
assumed to be great, especially as Hawkins' testimony may send him
to the gas chamber. While his mother was still in California,
Birman left a message on her answering machine saying "Robbie
(Hawkins' nickname) is dead."

Mr. Hawkins is being held in the Los Angeles County Jail system
pending arrangements being made for his protective custody. Until
his recent offer to testify in Mr. Birman's trial, Mr. Hawkins was
incarcerated at Soledad and participating, I believe, in a job and
college program.

Because Mr. Hawkins' mother and sister have relocated to the
███████, ███████ area, Mr. Hawkins has indicated a desire to be
transferred to a ███████ institution. John Iniguez in the
Institutions Division suggested that I write to seek your
assistance in this matter. Mr. Iniguez tells me that Mr. Hawkins
could be returned to Administrative Segregation at Soledad pending
an interstate transfer.

If it is possible to arrange housing for Mr. Hawkins in ███████,
his family and I would be most appreciative. They are less
concerned with his proximity to ███████ than they are that he be
placed in a facility with decent educational and work programs.
Please let me know if you or your staff require any additional
documentation to arrange for an interstate transfer.

Ms. Jane Rowe
Page Three
July 9, 1992


Thank you for your understanding and assistance in this matter.

Very truly yours,

IRA REINER
District Attorney

BY

ELLEN J. ARAGON
Deputy District Attorney


mhl

c:  James Gomez
    Bill Anderson
    Steve Cambra
    John Iniguez

## Docket (Register of Actions)

EXHIBIT #2

**PEOPLE v. BIRMAN**
**Case Number S043425**

| Date | Description | Notes |
|------|-------------|-------|
| 11/22/1994 | Petition for review filed | Applt. (Birman) Rec. Req. per Tommie |
| 11/22/1994 | Note: | The Phone # for Atty Peter Dodd as Listed Cannot be Verified Through The Operator, State Bar, or by Dialing It! |
| 11/28/1994 | Received: | CA Record - 1 Doghouse in B074017 |
| 01/13/1995 | Time Extended to grant or deny Petition for Review | Review to 2-20-95 |
| 02/02/1995 | Petition for review denied | |

MICHAEL BIRMAN
99969-011

3/19/12

U.S MAX P.O. BOX 8500
FLORENCE, CO, 81226-8500

UNTIED STATE DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

MICHAEL J. BIRMAN
        PETITIONER
            V.
THE PEOPLE OF THE STATE OF CALIFORNIA

DEAR CLERK!

I AM SENDING YOU ONE EXTRA COPY OF MY PETITION
FOR WRIT OF HABEAS CORPUS WITH A S.A.S.E PLEASE
STAMP THAT EXTRA COPY AND SEND THAT TO ME PLEASE
LET ME KNOW IT THE $ 5.00 FILLING FEE ARIVE
WITH THIS ENVELOPE.

                    THANK YOU
                    MICHAEL BIRMAN
                    M. Birman



**TERRY NAFISI**
District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8 Los
Angeles, CA 90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Thursday, May 03, 2012

**MICHAEL Y. BIRMAN, #99910-011**
**U.S. PENITENTIARY**
**P.O. BOX 8500**
**FLORENCE, CO  81226-8500**


Dear Sir/Madam:

A ☒ Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number CV12- 3838 SVW (MAN)

A ☐ Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case number _____ and also assigned the civil case number _____

A ☐ Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and assigned civil case number _____

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

☐ District Court Judge _____

☒ Magistrate Judge _____ **Margaret A. Nagle** _____

at the following address:

☒ U.S. District Court
312 N. Spring Street
Civil Section, Room G-8
Los Angeles, CA  90012

☐ Ronald Reagan Federal
Building and U.S. Courthouse
411 West Fourth St., Suite 1053
Santa Ana, CA  92701-4516

☐ U.S. District Court
3470 Twelfth Street
Room 134
Riverside, CA 92501


The Court must be notified within fifteen (15) days of any address change.  If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

Very truly yours,

Clerk, U.S. District Court


By: _____ AMARTINE _____

Deputy Clerk



 

www.usps.com

U.S. Penitentiary - High
Attn: CSD-Mail Room
P.O. Box 7500
Florence, CO 81226
The enclosed letter was processed through special
mailing procedures for forwarding to you. The
letter has been neither opened nor inspected. If the
writer raises a question or problem over which this
facility has jurisdiction, you may wish to return the
material for further information or clarification. If
the writer encloses correspondence for forwarding
to another address, please return the enclosure to
the above address.



Flat Rate postage regardless of weight, destination or type of mailable material enclosed. Domestic use only.