O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL Y. BIRMAN,<br><br>            Petitioner,<br><br>  v.<br><br>THE PEOPLE OF THE STATE<br>OF CALIFORNIA,<br><br>            Respondent. | NO. CV 12-3838-SVW (MAN)<br><br>ORDER TO SHOW CAUSE RE:<br>DISMISSAL FOR UNTIMELINESS |

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 on May 3, 2012 ("Petition"). Petitioner seeks to challenge a 1993 murder conviction he sustained in the Los Angeles Superior Court, which resulted in a sentence of life without parole (the "1993 Conviction").[1] Petitioner alleges that he appealed the 1993 Conviction, and the California Supreme Court denied review on February 2, 1995. (Petition

---

[1] Although Petitioner challenges a state court conviction, and thus properly files the instant Petition pursuant to 28 U.S.C. § 2254, he presently is a federal prisoner. (*See* Petition at 1; *see also* Inmate Locator function of the Federal Bureau of Prisons website, which identifies Petitioner as a federal prisoner incarcerated at USP-Florence in Colorado.) According to an attachment to the Petition, he sustained his state court conviction due to a solicitation of the subject murder in 1987, while he was incarcerated.

at 2-3.)  Petitioner further alleges that he did not again challenge the 1993 Conviction in the state court until September 19, 2011, when he filed a habeas petition in the California Supreme Court (Case No. S196631), in which he raised the claims now alleged as Grounds One through Three in the instant Petition.  (Petition at 3-5.)

**PETITIONER'S CLAIMS**

Grounds One through Three of the Petition are based on the same document, which Petitioner characterizes as "new evidence." Specifically, Petitioner alleges that, in 2002, he "discovered" a July 9, 1992 letter written by the prosecutor at his trial to a member of the Interstate Parole Unit, which related to a prosecution witness at Petitioner's trial (the "1992 Letter").  Petitioner became aware of the 1992 Letter, because it was faxed from the California Department of Corrections to his attorney on November 25, 2002.  (Petition, attached Memorandum ("Pet. Mem.") at 1 and Ex. 1; see also Petition at 6 ("new evidence discover[ed] 7 years after appeal [which ended in 1995].")

By Grounds One and Two, Petitioner asserts that the 1992 Letter proves that the prosecutor and this witness lied at trial regarding the extent of prosecutorial promises made to the witness.  (Petition at 5; Pet. Mem. at 1-2.)  Ground Three simply states:  "New evidence (attd letter)."  (Petition at 5.)  It does not plead a cognizable claim on its own and, at most, indicates the factual basis on which Grounds One and Two rest.

Ground Four of the Petition simply alleges that Petitioner was

2

1  abandoned by his attorney in post-conviction proceedings. (Petition at
2  6.)  In his appended Memorandum, Petitioner alleges that he hired
3  Attorney Dana M. Cole ("Cole"), in February 1997, to pursue federal
4  post-conviction relief "all the way to the U.S. Supreme Court," but Cole
5  failed to do so and concealed from Petitioner the fact that he had not
6  done so.  (Pet. Mem. at 1.)

## THE PETITION IS DEFICIENT AND "MIXED"

In violation of Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, the Petition does not name an appropriate Respondent, because the sole Respondent listed is "The People of the State of California."  See Rule 2(b) ("If the petitioner is not yet in custody – but may be subject to future custody – under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered.").  This action cannot proceed unless and until Petitioner names an appropriate Respondent.

In addition, on its face, the Petition is "mixed," because Petitioner alleges that he has not exhausted Ground Four. (Petition at 6.)  A Section 2254 petition that is "mixed" must be dismissed unless the petitioner elects to dismiss his unexhausted claim(s) or seeks and obtains a stay while he pursues exhaustion in the state court.  See, e.g., Rhines v. Weber, 544 U.S. 269, 275-77, 125 S. Ct. 1528, 1534-35 (2005); Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 (1982); and King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009).

1    Petitioner's failure to name an appropriate Respondent and
2 inclusion of an exhausted claim in the Petition are defects that can be
3 rectified. Petitioner could file an amended petition that names the
4 correct Respondents and omits unexhausted Ground Four and/or he could
5 seek a stay of this action while he pursues the exhaustion of Ground
6 Four. Leave to pursue such corrective steps, however, is not warranted,
7 because the Petition, on its face, is substantially untimely.

## THE PETITION IS UNTIMELY ON ITS FACE

As Petitioner correctly alleges, the California Supreme Court denied his petition for review on February 2, 1995.[2] For those prisoners, such as Petitioner, whose state convictions became final prior to the effective date of the AEDPA, the 28 U.S.C. § 2244(d) limitations period began to run no earlier than April 25, 1996. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), *overruled in part on other grounds by* Calderon v. U.S. District Court (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998). Therefore, although Petitioner's conviction became final prior to April 1996, he had until April 24, 1997, in which to file a timely federal habeas petition challenging his 1988 conviction. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner did not seek federal habeas relief until April 26, 2012,

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the official dockets for the California Supreme Court and the California Courts of Appeal available through the California Courts website (*see* http://appellatecases.courtinfo.ca.gov).

the date on which he mailed the instant Petition to this Court.[3]  (*See* Docket No. 1 at 19, copy of Priority Mail envelope in which Petitioner mailed the Petition.)  The Petition, therefore, is untimely by over 15 years, absent tolling.

Given Petitioner's allegations that he did not "discover" the 1992 Letter until late 2002, he may argue that he is entitled to a delayed commencement of his one-year limitations period, pursuant to subpart (D) of 28 U.S.C. § 2244(d)(1) (providing for a delayed accrual date based on the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence).  The Court need not determine whether a delayed commencement of Petitioner's limitations period -- *i.e.,* to late 2002 -- is warranted factually and legally, because even if Petitioner were afforded such a substantially delayed commencement, the Petition necessarily would remain untimely.

Even if, *arguendo*, Petitioner's limitations period for Grounds One through Three could be deemed to have commenced no earlier than November or December 2002, the limitations period necessarily expired one year later in November or December 2003.  Petitioner did not file a state habeas petition raising Grounds One through Three until September 2011, when he initiated Case No. S196631 in the California Supreme Court.  This state court filing occurred over eight years too late to serve as a basis for statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).  *See, e.g.,* Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)("because

---

[3]     *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts, setting forth the "mailbox rule" for prisoner filings.

[petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Moreover, the California Supreme Court denied the habeas petition filed in Case No. S196631 with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998), thus indicating that the petition was denied on the ground of untimeliness. As a result, on this basis alone, Section 2244(d)(2) tolling is precluded for the time this petition was pending. *See* Allen v. Seibert, 552 U.S. 3, 6, 128 S. Ct. 2, 4 (2007)(*per curiam*)("a state postconviction petition is . . . not 'properly filed' if it was rejected by the state court as untimely"); Lakey v. Hickman, 633 F.3d 782, 785-86 (9th Cir. 2011)("we have consistently held that statutory tolling 'is unavailable where a state habeas petition is deemed untimely under California's timeliness standards'")(citation omitted), *cert. denied* 131 S. Ct. 3039 (2011); Thorson v. Ramirez Palmer, 479 F.3d 643, 645 (9th Cir. 2007)(if the California Supreme Court denies a habeas petition as untimely, application of Section 2244(d)(2) is precluded).

The Court is cognizant of Petitioner's allegations that Cole "abandoned" him and "concealed" the fact that he had not satisfied the terms of his 1997 retention, *i.e.*, to seek federal habeas relief. Even

if Petitioner were to assert an entitlement to equitable tolling[4] based on this allegation and were to prevail on such an assertion, the Petition nonetheless could not be found timely.

On January 29, 2010, Petitioner, on a *pro se* basis, filed a civil action against Cole in the Los Angeles Superior Court (Case No. BC430970), alleging claims for breach of contract, fraud, and legal malpractice. Those three claims were based on the same facts as those supporting Ground Four, *to wit*, that Petitioner retained Cole in 1997, for the purpose of seeking federal habeas relief, but Cole failed to pursue such relief. Birman v. Cole, 2011 WL 3276737, at *1 (Cal. App. 2 Dist. Aug. 2, 2011) (hereafter, "Birman v. Cole"). In a declaration filed in the state trial court on June 21, 2010, Petitioner stated that he fired Cole in 2006, "'at which time, [Petitioner] fully realized, that fraud, legal malpractice and breach of contract occurred.'" *Id.* Petitioner attached to his declaration a copy of a letter he sent to Cole, dated April 20, 2006, in which Petitioner set forth a "list of grievances," including that, as of the letter's date, Cole had not pursued federal post-conviction relief. *Id.* The trial court sustained Cole's demurrer based on its finding that the action was barred by the applicable statutes of limitation, and Petitioner appealed. *Id.* at *1-*2.

---

[4] The one-year limitations period established by Section 2244(d)(1) may be equitably tolled in appropriate circumstances. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560-62 (2010). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Id.* at 2562 (citation omitted); *see also* Pace v. DiGuglielmo, 544 U.S. 408, 418 and n.8, 125 S. Ct. 1807, 1814 and n.8 (2005). Both elements must be met. *Id.* at 418, 125 S. Ct. at 1814-15

The California Court of Appeal found that Petitioner's April 20, 2006 letter to Cole proved that, as of the letter's date, Petitioner was aware of Cole's allegedly wrongful conduct. Birman v. Cole, 2011 WL 3276737, at *2-*3. Thus, Petitioner's claims against Cole accrued as of April 20, 2006, if not earlier, and because Petitioner's civil action was not filed until over three years later, it was untimely and properly dismissed on that ground. *Id.*

Thus, by April 2006, if not before then, Petitioner was fully aware that Cole had not sought federal habeas relief based on the substance of Grounds One through Three, *i.e.*, claims premised on the 1992 Letter that Petitioner discovered in 2002. Petitioner also was fully aware of the substance of Ground Four, *viz.*, his abandonment by Cole and Cole's earlier concealment of his failure to seek federal habeas relief. Petitioner, however, did not promptly seek to exhaust his present claims by raising them in the state courts, so that he could then seek federal habeas relief. Rather, on July 17, 2009, Petitioner, on a *pro se* basis, filed an accusation against Cole in the California Supreme Court (Case No. S174713). On August 19, 2009, the California Supreme Court denied the accusation petition. As noted above, on January 29, 2010, Petitioner commenced the Birman v. Cole civil action, again pursuing relief against Cole on a *pro se* basis. Petitioner also proceeded *pro se* in his appeal of the demurrer granted to Cole in that action. Birman v. Cole, 2011 WL 3276737, at *1.

In short, once he learned of Cole's asserted malfeasance in or before April 2006, Petitioner *was* able to seek relief through litigation

on a *pro se* basis and actually did so.[5] Petitioner's decision to pursue relief against Cole through multiple state court proceedings, rather than to exhaust his federal habeas claims and seek federal habeas relief on a prompt basis, was his own choice; it was not an extraordinary circumstance within the meaning of the equitable tolling doctrine and does not satisfy his obligation to proceed with diligence under the circumstances he faced.

In sum, even if the Court could find Petitioner to be entitled to equitable tolling based on Cole's conduct, any such equitable tolling necessarily would cease by no later than April 20, 2006, and Petitioner's Section 2254(d) limitations period would have expired one year later -- over six years *before* the Petition was mailed to this Court.[6] Thus, even after making a host of assumptions in Petitioner's favor, there is no basis upon which the Court can find the Petition to be timely.

District courts are permitted to consider, *sua sponte*, whether a

---

[5] For this reason, Petitioner's assertions that he does not read, write, or speak English "well" and, since 1999, has lacked access to California legal materials (Pet. Mem. at 1-2) ring hollow. That Petitioner was able to file an accusation in the California Supreme Court in 2009, initiate and prosecute a civil trial court action in 2010, pursue an appeal from the trial court's adverse judgment in 2010-2011, and file a habeas petition in the California Supreme Court -- all while proceeding *pro se* and allegedly without access to California legal materials -- precludes any finding that Petitioner's asserted lack of access to state law legal materials and/or his purported English language difficulties were extraordinary circumstances that rendered it impossible for him to seek federal habeas relief on a timely basis.

[6] Of course, if a fuller development of the record established that Petitioner would not be entitled to a delayed commencement of his limitations period pursuant to Section 2244(d)(1)(D) and/or equitable tolling, the Petition would be untimely by 15 years.

1  petition is untimely and to dismiss a petition that is untimely on its
2  face after providing the petitioner with the opportunity to be heard.
3  Day v. McDonough, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684 (2006);
4  Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012).  Accordingly,
5  Petitioner is ORDERED TO SHOW CAUSE why this action should not be
6  dismissed on the ground of untimeliness.[7]  **By no later than July 2, 2012**,
7  Petitioner shall file a response to this Order To Show Cause.  If
8  Petitioner concedes that this action is untimely, he shall state so
9  clearly.  If Petitioner disputes that this action is untimely, he must
10 explain clearly and in detail why it is not, and provide any available
11 competent evidence that establishes the timeliness of this action.

13 **Petitioner is explicitly cautioned that his failure to comply with**
14 **this Order will be deemed to constitute a concession that this action is**
15 **untimely and may be dismissed on that ground.**

17     IT IS SO ORDERED.

19 DATED: June 8, 2012.

                                          _____
                                              MARGARET A. NAGLE
                                          UNITED STATES MAGISTRATE JUDGE

---

[7] Because it is clear that the Petition is untimely, and that Ground Four would be untimely even if it had been exhausted, resolution of the problem caused by the "mixed" nature of the Petition does not appear to be necessary at this time.